11-8115.121-JCD                                              June 21, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

MASSOOD JALLALI,                )
                                )
    Plaintiff,              )
                                )
    v.                      )
                                )    No. 11 C 8115
NOVA SOUTHEASTERN UNIVERSITY,   )
                                )
    Defendant.              )

**MEMORANDUM OPINION**

Before the court is non-party American Osteopathic Association's request for sanctions against plaintiff Massood Jallali and his counsel. For the reasons explained below, the request is granted.

**DISCUSSION**

This case arises out of an underlying *qui tam* action under the False Claims Act that was pending in the federal district court for the Southern District of Florida. In that action, which was filed in February 2011, plaintiff Massood Jallali alleged as relator that defendant, Nova Southeastern University, Inc. ("Nova"), made substantive changes to class sizes and graduation requirements for its School of Osteopathic Medicine without obtaining the prior approval of the relevant accrediting agency, the American Osteopathic Association ("AOA"), and "actively concealed" these unauthorized changes from the United States in order to obtain "millions of dollars in federal funding under terms entered into prior to the alleged modifications." United States ex rel. Jallali v. Nova Se. Univ., Inc., No. 11-CV-60342-WPD, Order Granting Def.'s Mot. to Dismiss Relator's Third Am. Compl. (S.D. Fla. Nov. 18, 2011).

By early September 2011, plaintiff had gone through three iterations of his complaint, the second one of which had been dismissed by the court (four of the six counts with prejudice and two without). On September 29, Nova filed a motion for

a protective order and a motion to quash deposition subpoenas, or in the alternative to stay discovery pending a ruling on an anticipated motion to dismiss plaintiff's third amended complaint. Nova argued, among other things, that the subpoenas plaintiff had issued for the depositions of various high-ranking Nova officials would not lead to the discovery of relevant evidence and were for the purpose of harassing Nova and re-litigating issues that had been adjudicated in multiple lawsuits plaintiff had filed against the institution. On October 4, the Florida magistrate judge, Judge Snow, issued an order postponing those depositions, which had been scheduled for October 14, until the discovery motion was briefed and ruled upon. Briefing on the discovery motion as well as on Nova's motion to dismiss proceeded during the month of October. Both motions were fully briefed by November 2.

On October 25, plaintiff served Konrad Miskowicz-Retz with a subpoena (issued in this court) calling for deposition testimony and production of documents on November 14 in Chicago.

Mr. Miskowicz-Retz is the director of the AOA's Department of Accreditation. Among the documents sought in the subpoena were "[a]ll accreditation documents for Nova" and contracts between the AOA and Nova for the years 1998-2005. (AOA's Mem. in Supp. of Mot. to Quash and for Sanctions, Ex. 1, at 1.) The AOA states that it has produced documents to plaintiff and responded to other discovery requests in previous litigation with plaintiff and that Mr. Miskowicz-Retz gave a deposition on the same subject matter in a previous suit by plaintiff against Nova. (AOA's Mem. at 4-5.) Against this background of previous litigation with plaintiff and the prospect that the *qui tam* suit would be dismissed,[1] the AOA attempted to reach a compromise with plaintiff. On October 27, two days after the Miskowicz-Retz subpoena was served, the AOA's counsel, Peter Preston, attempted to contact Jallali's counsel, Cyrus Bischoff, to discuss the subpoena, but was unable to make contact until November 7, when counsel had a telephone conversation. In that conversation and by a letter the following

day, the AOA proposed to postpone any action on the subpoena (as well as on an anticipated, but unserved, subpoena for a deposition

---

[1]/ It may be relevant to the merit of plaintiff's *qui tam* action that the United States declined to intervene.

---

of the AOA's former president) until the court ruled on the discovery motion and motion to dismiss. (AOA's Mem., Ex. 10.) Mr. Bischoff would not agree to postpone the deposition. Instead, he proposed various alternative dates between November 28 and December 7 and indicated that if the AOA did not choose one of those dates, he would "proceed to press our current date (11/14/2011)." (AOA's Mem., Ex. 11.) Mr. Preston informed him on November 11 that the AOA would be seeking judicial relief from the subpoena.

On November 14, the AOA filed a motion in this court to quash the subpoena and for sanctions in the form of its costs and expenses in bringing the motion. The AOA noticed its motion for December 7. On November 18, before our hearing on the motion, the Florida district court, Judge Dimitrouleas, issued an order granting Nova's motion to dismiss plaintiff's third amended complaint with prejudice.

In its brief accompanying its submission of a copy of Judge Dimitrouleas's order, the AOA indicated that the portion of its motion seeking to quash the subpoena was now moot but that its request for sanctions remains live. Plaintiff, appearing *pro se*, then filed a motion for leave to appear at the hearing by telephone "with SD. Fla. counsel, Cyrus Bischoff, Esquire, present." Plaintiff also filed a response to the AOA's motion in which he maintained that the motion to quash was moot, but for a different reason--because it had not been filed prior to the date of the noticed deposition, November 14.

We denied plaintiff's request to appear telephonically and

stated that we would hear from the AOA as to the particulars of its request for sanctions and would set a schedule for further submissions on that issue by the parties. On December 7, neither plaintiff nor his counsel appeared for the hearing. In light of the fact that the Florida action had been dismissed with prejudice, we entered a minute order granting the AOA's motion to quash the Miskowicz-Retz subpoena. We entered and continued the motion as to the sanctions request and set a briefing schedule.

The AOA then filed a petition in support of its request for sanctions, supported by the declaration of Mr. Preston, in which it seeks $8,645.00 in attorney's fees and $320.31 in expenses and costs incurred in preparing and pursuing its motion in this court. The basis for its request is Federal Rule of Civil Procedure 45, which governs subpoena practice in the federal courts and provides that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." "The issuing court *must* enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1) (emphasis added). The AOA contends that in refusing to postpone the Miskowicz-Retz deposition until the Florida court ruled on the pending motions, plaintiff and his counsel willfully disregarded their obligation to avoid imposing undue burden or expense.

Instead of filing a response to the AOA's petition, plaintiff filed a motion for reconsideration of our December 7 minute order quashing the subpoena and setting a briefing schedule regarding sanctions. We denied that motion without elaboration. Plaintiff filed a notice of appeal from that order; the appeal was subsequently dismissed for failure to pay the required docketing fee.

Before discussing sanctions, we will address the arguments plaintiff raised in his motion for reconsideration. Plaintiff

argued that the court "may have overlooked the fact that the AOA did not timely file an objection, nor file a timely motion to quash." (Pl.'s Mot. for Reconsideration at 2.) The AOA was not required to file an objection with the court prior to filing its motion to quash, and it cannot be disputed that the AOA timely notified plaintiff of its objections to the subpoena--by telephone, e-mail, and in writing. We also reject plaintiff's assertion that the motion to quash, which was filed on the date for compliance with the subpoena, was untimely. In support of his argument, plaintiff cites two New York district-court decisions. Courts in this district, however, have held that a motion to quash is "timely" under Rule 45(c)(3)(A) when it is filed *on* or before the date of compliance. See, e.g., Central States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc., No. 06 CV 1205, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009); Flagstar Bank, FSB v. Freestar Bank, N.A., No. 09 CV 1941, 2009 WL 2706965, at *3 (N.D. Ill. Aug. 25, 2009).

Plaintiff also claimed that he "was not given fair notice" of the hearing and that we "overlooked the fact that [plaintiff] was several states away and not available locally for a hearing." (Pl.'s Mot. for Reconsideration at 2.) Plaintiff had three weeks' notice of the hearing; the AOA filed its motion on November 14, and two days later, it filed a notice of motion setting a December 7 hearing date. We were aware of the fact that plaintiff is located in Florida. It is not our usual practice to allow telephonic appearances at motion hearings. We also note that plaintiff's counsel, Mr. Bischoff, was conspicuously absent from these proceedings even though he issued the Miskowitz-Retz subpoena and communicated with Mr. Preston. Mr. Bischoff did not file an appearance in this case, although we suspect that he drafted the plaintiff's *pro se* filings, and plaintiff's motion failed to address his availability to attend the hearing (although he was evidently available to be present by telephone).

In any event, plaintiff was not prejudiced by his inability to be present at the hearing. Although we noted in our order

that plaintiff did not appear, we did not penalize him in any way. We merely quashed the subpoena because of the final dismissal of the Florida action (a disposition that plaintiff failed to mention in his December 2, 2011 filing), and we set a briefing schedule on the sanctions issue.

Moreover, it was the choice of plaintiff and his counsel to issue a subpoena from this district, and it was also their choice to take an unreasonable stance with regard to staying the deposition. We agree with the AOA that sanctions are warranted for the willful failure of plaintiff and his counsel to take reasonable steps to avoid imposing an undue burden or expense in connection with the Miskowicz-Retz subpoena. In his November 8 letter to Mr. Bischoff, Mr. Preston noted that the AOA viewed the subpoena as harassing in view of plaintiff's lengthy history of litigation with the AOA. Mr. Preston reiterated his very sensible proposal to postpone the deposition until rulings were issued on the two pending motions in Florida (one of which was dispositive). He noted that his proposal would preserve everyone's rights to either object to or seek to enforce the subpoena and would allow the parties to avoid judicial involvement for the time being. He also reminded Mr. Bischoff of his Rule 45 obligation to avoid imposing undue burden or expense.

Mr. Bischoff's letter to Mr. Preston, dated November 10, demonstrates a cavalier attitude toward this obligation. Instead of substantively addressing the AOA's objection that the subpoena constituted harassment, Mr. Bischoff simply "t[ook] umbrage." (AOA's Mem., Ex. 11, at 1.) He ignored the AOA's request to postpone the deposition until the motions had been ruled upon and instead mischaracterized the AOA's request as a proposal "to move the deposition[] to a later date for [the] convenience" of the deponent. (Ex. 11 at 1.) Mr. Bischoff repeatedly invoked a single reason, and a bogus one at that, for insisting that the deposition proceed within the next month: he had "a discovery deadline to meet," he was following Judge Dimitrouleas's scheduling order "tothe-letter," he did not want

to watch his "discovery clock tick away," and he was "constrained to follow the discovery schedule set by the court." (Ex. 11 at 1-2.) But no deadline was looming; the discovery cutoff was several months away. In the scheduling order, which was attached to Mr. Bischoff's letter, Judge Dimitrouleas had set a discovery cutoff date of June 1, 2012. There was no immediate need for the deposition of Mr. Miskowicz-Retz. Mr. Bischoff's response also ignored the tenuous nature of the underlying litigation, which Mr. Preston discussed in his November 8 letter. (AOA's Mem., Ex. 10, at 3 ("[T]here is a real possibility of the Third Amended Complaint being dismissed.").) The AOA seeks fees for 26.6 hours spent by Mr. Preston at a billing rate of $325.00 per hour, totaling $8,645.00, for work "directly related to" preparing and presenting the AOA's motion to quash and for sanctions. Mr. Preston, who graduated from law school in 1995, has provided a list of his time entries with corresponding descriptions of the tasks he performed. (AOA's Pet. in Supp. of Mot. for Sanctions, Ex. A, Decl. of Peter J. Preston ¶¶ 1, 5.) The AOA does *not* seek to recover $6,110.00 in attorney's fees it incurred for its efforts to reach agreement with plaintiff prior to filing its motion. (Decl. of Peter J. Preston ¶ 4.) Neither plaintiff nor his counsel filed a response to the AOA's petition for fees and costs, so they have waived any objection to the amounts claimed. We have reviewed the time entries and find that they appear to be reasonable, as is the hourly rate claimed by Mr. Preston.

In addition to its attorney's fees, the AOA also seeks $320.31 in costs that include the filing fee for this action; postage and delivery services (because plaintiff and his attorney did not register with this court as electronic filers); and legal research. We believe that these costs were appropriate and reasonable.

## **CONCLUSION**

The American Osteopathic Association's request for sanctions

against plaintiff and his counsel is granted. We hold that plaintiff, Massood Jallali, and plaintiff's counsel, Cyrus Bischoff, failed to comply with their duty under Fed. R. Civ. P. 45(c)(3) to avoid imposing an undue burden on Konrad Miskowicz-Retz, Director of the AOA's Department of Accreditation. We find that reasonable attorneys' fees and costs to compensate the AOA for plaintiff's and plaintiff's counsel's breach of their Rule 45 duty are $8,965.31. Mr. Jallali and Mr. Bischoff are jointly and severally liable for this award.

DATE:     June 21, 2012

ENTER:    _____
          John F. Grady, United States District Judge