# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MASSOOD JALLALI,              )
                              )
        Plaintiff,            )
                              )
        v.                    )     No. 11 C 8115
                              )
NOVA SOUTHEASTERN UNIVERSITY, )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of Massood Jallali pursuant to Federal Rule of Civil Procedure 60(b) for relief from the order entered on June 21, 2012.  In that order, we granted the request of the American Osteopathic Association ("AOA") for sanctions against Jallali and his counsel, Cyrus Bischoff, for failing to comply with their duty under Federal Rule of Civil Procedure 45 to avoid imposing an undue burden on an AOA employee who was subject to a subpoena issued by Jallali and Bischoff.  We awarded $8,965.31 in attorneys' fees and costs to compensate the AOA for Jallali and Bischoff's breach of their duty.  Jallali and Bischoff are jointly and severally liable for the award.

In the instant motion (yet another "pro se" motion that appears to be ghostwritten by Bischoff, who has never filed an appearance in this matter), Jallali argues that this court held a

hearing in late June 2012 on the motion for sanctions, he did not receive notice of the hearing, and he did not receive "any of the affidavits setting forth the times and hours the AOA attorneys worked." (Mot. at 1.) He contends that the sanctions were imposed "in [his] absence," Mot. at 1, and asks that the judgment be vacated so that he may "hire an expert to review the time sheets submitted by AOA" and "be permitted to participate in the sanctions hearing (this time around) with appropriate notice," Mot. at 2.

Jallali's motion is premised on the incorrect notion that this court held a hearing on the AOA's sanctions request. No hearing was held, and we had never contemplated holding a hearing. The parties were well aware that we were going to rule by mail on the AOA's request. On December 7, 2011, we issued a minute order granting the AOA's motion to quash and entering and continuing the request for sanctions. The order also stated: "The AOA is given until 12/14/2011 to file a petition in support of the sanctions requested (its fees and costs). Dr. Massood Jallali and Cyrus Bischoff may have until 1/11/2012 to file a response to the AOA's petition for fees and costs, and the AOA may reply by 1/18/2012. The court will rule by mail." On December 13, 2011, the AOA filed a petition and declaration in support of its requested fees and costs. Jallali and Bischoff chose not to respond to the AOA's petition; instead, six days later, Jallali filed a motion for reconsideration of our order quashing the subpoena and setting a

briefing schedule on sanctions. (We denied that motion.) In his motion for reconsideration, Jallali quoted our December 7 minute order in full, so we can be sure he was fully aware of the briefing schedule and the fact that we intended to rule by mail.

As for Jallali's claim that he never received "any of the affidavits setting forth the times and hours the AOA attorneys worked," Mot. at 1, we note that Jallali has been careful to avoid stating that he did not receive the AOA's petition itself. Similarly, he does not state that he was unaware of its substance or the amount of fees and costs that the AOA was seeking. The record indicates that the AOA's petition and supporting evidence was sent to Bischoff, and we can assume that counsel shared the information with Jallali. Alternatively, the supporting material was available on the court's docket or from opposing counsel, with whom Jallali was in contact via e-mail.

The fact that Jallali may not have received paper copies of the supporting material is not grounds for vacating the judgment. Moreover, we believe that Bischoff and Jallali employed a "hide the ball" approach to this litigation from the outset, particularly with respect to their appearances. They chose to cause the underlying subpoena to issue from this district. When the AOA filed this action to quash the subpoena, Jallali failed to have Bischoff enter an appearance in this case and failed to enter a pro se appearance himself, yet he has repeatedly invoked meritless

lack-of-notice arguments.  If Jallali did not receive the AOA's supporting materials when they were electronically filed with the court, he has only himself to blame, but in any event, the AOA sent all of its filings to Jallali and/or Bischoff.

There is no basis here for Rule 60(b) relief.  Accordingly, the motion of Massood Jallali for relief from a final judgment order [34] is denied.

DATE:           March 7, 2013

ENTER:          _____
                John F. Grady, United States District Judge